IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE DOE IX, Individually and as Next Friend of JULIE DOE IX, a Minor, | § § § § | |
| Plaintiffs, | § § | Case No. 4:08-CV-140 |
| v. | § § | |
| MYSPACE, INC., | § § § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT MYSPACE, INC.'S MOTION TO DISMISS

The following are pending before the court:

1. Defendant MySpace, Inc.'s motion to dismiss (docket entry #17);

2. Plaintiffs' response to Defendant MySpace, Inc.'s motion to dismiss (docket entry #19); and

3. Defendant MySpace, Inc.'s reply in support of motion to dismiss (docket entry #20).

Having considered the Defendant's motion and the responsive briefing thereto, the court finds that the motion should be granted.

The Plaintiff herein, individually and as next friend of her then 15-year-old daughter, brought a state court action against the Defendant for negligence, gross negligence and strict product liability for failing to implement reasonable safety measures to protect minors. In her complaint, the Plaintiff alleges that her daughter "was lured from her home and sexually assaulted by a sexual predator, who communicated with her and ultimately orchestrated his sexual assault of her through the MySpace.com website." PL. SECOND AMD. PETITION, p. 2, ¶ 8. The Defendant subsequently

removed the Plaintiff's lawsuit to this court. In response to the Plaintiff's allegations, the Defendant moved to dismiss the Plaintiff's claims, asserting that the Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230 ("CDA").

47 U.S.C. § 230(c)(1) states as follows:

> No provider or user of an interactive computer service[1] shall be treated as the publisher or speaker of any information provided by another information content provider.[2]

In response in opposition to the Defendant's assertion of immunity under the CDA, the Plaintiff argues (1) that the Defendant is liable and not entitled to CDA immunity because it refused to employ reasonable safety measures on its website, and (2) that the Defendant acted as an information content provider by creating and developing information that led to the injuries alleged.

The Plaintiff's first argument is foreclosed by *Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008), *cert. denied*, __ U.S. __, 129 S.Ct. 600, 172 L.Ed.2d 456 (2008). In *Doe*, the Fifth Circuit held as follows:

> Their claims are barred by the CDA, notwithstanding their assertion that they only seek to hold MySpace liable for its failure to implement measures that would have prevented Julie Doe from communicating with Solis. Their allegations are merely another way of claiming that MySpace was liable for publishing the communications and they speak to MySpace's role as a publisher of online third-party-generated content.

*Id*. at 420.

---

[1] "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

[2] "The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

However, the Fifth Circuit in *Doe* did not address the Plaintiff's second argument, to wit: that the CDA should not apply to the Defendant because it was partially responsible for creating information exchanged between Julie Doe and the sexual predator. *Id*. at 422. In response to the Defendant's motion to dismiss, the Plaintiff argues that the Defendant acted as an information content provider; therefore, the Defendant is not entitled to CDA immunity.

The Plaintiff argues that once a MySpace user creates a profile by entering a name, email address, gender, country and date of birth, the website automatically displays the user's zodiac sign. The user is then prompted, but not required, to enter additional information about "Interests & Personality," "Name," "Basic Info," "Background and Lifestyle," "Schools," "Companies," "Networking," and "Song & Video on Profile." Users are prompted to additional links as well.

A user's profile also contains links to the "Browse" and "Search" functions which allow the user to view and locate other profiles according to certain criteria. Additionally, users may also contact other users via email and messaging programs built into MySpace.

Based on these facts, and relying solely on *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008), the Plaintiff argues that the Defendant is an information content provider because it developed the information on the profiles which caused Julie Doe's injuries. However, *Roommates.com* is not applicable to the instant case. The Ninth Circuit repeatedly stated throughout its *en banc* opinion that the Roommates.com website *required* its users to provide certain information as a condition of its use and was, therefore, and information content provider. Here, however, users of MySpace.com are not *required* to provide any additional information to their profiles. *See GW Equity LLC v. Xcentric Ventures LLC*, 2009 WL 62173 (N.D. Tex. 2009); *Atlantic Recording Corp. v. Project Playlist, Inc.*, __ F.Supp.2d __, 2009 WL 766224

(S.D. N.Y. 2009); *Goddard v. Google, Inc.*, 2008 WL 5245490 (N.D. Cal. 2008). As such, the court finds that the Plaintiff's argument lacks merit because the facts of the instant case are distinguishable from those in *Roommates.com*. Further, although MySpace.com prompts its users to supplement their profiles with additional information via a list of categories, such conduct is insufficient to hold the Defendant out as an information content provider. *See id*. Based on the foregoing, it is, therefore,

**ORDERED** that Defendant MySpace, Inc.'s motion to dismiss (docket entry #17) is hereby **GRANTED**.

**SIGNED this the 22nd day of May, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE